THE STATE EX REL. LTV STEEL CO., APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. LTV Steel Co. v. Indus.
Comm.* (1992), 65 Ohio St.3d 22.]

(No. 91–1583—Submitted July 29, 1992—Decided October 14, 1992.)

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Sandra Becher Sommers,* for appellee.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellant.

---

*Per Curiam.* To receive permanent total disability compensation, a claimant must: (1) demonstrate an inability to perform sustained remunerative employment, and (2) causally relate that inability to the claimant's allowed conditions. *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420; *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1. The present claimant undisputably cannot work. The medical reports on which the commission relied, however, discussed nonallowed conditions, and have raised a causal-relationship question. We must

determine whether the commission's order should be: (1) vacated for lack of "some evidence" supporting a causal relationship between the allowed conditions and the inability to work, or (2) vacated and returned to the commission for clarification and an amended order. The appellate court chose the latter course and, for the reasons to follow, we reverse that decision and adopt the former course of action.

The appellate court relied on *State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194. There, the commission's permanent partial disability award was based on *"consideration* of the reports of Dr. Kackley and Dr. Cherry." (Emphasis added.) *Id.* at 106, 518 N.E.2d at 1195. Dr. Cherry's impairment rating, however, was partially based on nonallowed conditions. We returned the cause to the commission for clarification, writing:

*"If* [the commission] relied unconditionally on the medical report of Dr. Cherry, the commission may have abused its discretion. Thus, the commission's order should have included an explanation of what evidence, in particular, it relied upon and of how it arrived at its decision in this case. We would then have been able to tell whether the commission had abused its discretion by relying on improper evidence, namely, the evidence of 'Major Depression, Recurrent' contained in Dr. Cherry's report." (Emphasis added.) *Id.* at 107, 518 N.E.2d at 1196.

*Frigidaire* differs from the case at bar. In *Frigidaire,* the order listed only the evidence *considered* by the commission, not the evidence on which it *relied.* Further evidentiary clarification was appropriate—if the commission in *Frigidaire* considered, but did not rely on, Dr. Kackley's report (hence relying necessarily on Dr. Cherry's report alone), then the commission may have abused its discretion in awarding compensation.

There is no similar need for clarification here. The commission *specifically relied* on the reports of Dr. Smirnoff and Dr. McCloud. There was no question as to whether the commission *may* have relied exclusively on reports containing nonallowed conditions—it plainly did so. Consequently, *Frigidaire* is not on point.

It has also been suggested that *Noll* dictates a return of the order of the commission for additional consideration. We again disagree. Entitlement to permanent total disability compensation requires a showing that the medical impairment due to the allowed conditions, either alone or together with nonmedical disability factors, prevents claimant from engaging in sustained remunerative employment. Thus, to return the order for nonmedical consideration requires there also be a medical impairment affecting claimant's ability to work. The evidence in the case here, by attributing claimant's permanent

total disability exclusively to nonallowed conditions, inherently states that any medical impairment due to the allowed conditions does not affect claimant's ability to work. Hence, a return for further consideration is pointless.

Accordingly, the judgment of the court of appeals is reversed and a writ is hereby allowed directing the commission to vacate its order due to lack of "some evidence" supporting a causal relationship between the allowed conditions and claimant's inability to work.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

H. BROWN, J., not participating.