OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Kleeman, Appellant and Cross-Appellee, v.
Industrial Commission of Ohio, Appellee and Cross-Appellant, et
al.
[Cite as State ex rel. Kleeman v. Indus. Comm. (1994),
Ohio St.3d      .]
Workers' compensation -- Inability to discern basis for denial
     of permanent total disability compensation is cause for
     court to order Industrial Commission to issue an amended
     order clarifying its decision.
     (No. 93-1363 -- Submitted March 22, 1994 -- Decided June
8, 1994.)
     Appeal and Cross-Appeal from the Court of Appeals for
Franklin County, No. 91AP-1430.
     Appellant-claimant, Louis Kleeman, was injured in the
course of and arising from his employment with appellee
Southwest Ohio Regional Transit Authority.  His workers'
compensation claim has been recognized for "acute lumbar
strain."  In 1989, claimant sought permanent total disability
compensation.
     Dr. Roger V. Meyer found claimant incapable of sustained
remunerative employment due to L-5 nerve root radiculopathy - -
a nonallowed condition.  Dr. Steven S. Wunder found claimant
unable to return to his former job as a bus driver.  He
attributed that inability to the nonallowed conditions of
spinal root cord lesion and spinal stenosis.
     Dr. Wayne C. Amendt also noted lumbar stenosis.  He felt
that claimant had a sixteen percent permanent partial
impairment due to the allowed conditions alone and was capable
of light work.  Dr. W. Jerry McCloud noted a seventy-five
percent loss of lumbar reserve, which translated to a thirty
percent permanent partial impairment.  He stated:
     "I think he would require restrictions against repetitive
bending and a combination of bending and lifting of objects
whose weight would exceed an estimated 15 pounds.  Because of
the magnitude of his loss of function, he also would require
restrictions against uninterrupted intervals of sitting,
standing or ambulating that would exceed an estimated 4 hours.
He would be capable of sedate activities fitting within the

restrictions described. I do not think he would be capable of his work activities as a bus driver because of the prolonged sitting involved."

Finally, Dr. Steiman noted stenosis as well and found only a twelve percent impairment related to the allowed conditions. He, too, found a capacity for sustained remunerative employment.

Cross-appellant Industrial Commission denied permanent total disability on September 6, 1991, as follows:

"This order is based particularly upon the reports of Drs. Brito, Steiman, McCloud and Amendt, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts * * *.

"The claimant is 65 years of age with a 10th grade education and work experience as a bus driver. Dr. Amendt in a 10-22-90 report indicated the claimant is capable of sustained remunerative employment in regard to allowed conditions in the claim. The claimant is felt to have the capacity to perform sustained remunerative employment within the restrictions outlined by Dr. Amendt. Therefore the claimant is found not permanently and totally disabled as related to the allowed conditions."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying permanent total disability compensation. The appellate court found that the commission's order did not comply with the evidentiary requirements of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and ordered the commission to issue an amended order explaining its decision.

This cause is now before this court upon an appeal and cross-appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant and cross-appellee.

Lee Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee and cross-appellant.

Per Curiam. Claimant contests the decision to order the commission to issue an amended order, urging instead a writ of mandamus to compel a permanent total disability award, consistent with State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission objects to the appellate court's suggestion that claimant's nonallowed medical conditions must be factored into claimant's disability determination. Only the latter challenge has merit.

Preliminary to any discussion of Gay's applicability is a finding that the reasoning set forth in the commission's order falls short of Noll, supra. In this case, however, we cannot even reach the question of Noll sufficiency because of our inability to discern the basis for denial of permanent total disability compensation. On the one hand, the order suggests that the combination of claimant's allowed conditions and nonmedical factors did not prevent sustained remunerative employment. On the other hand, it also suggests that claimant may be permanently and totally disabled, but not as a result of the allowed medical conditions.

Clarification is crucial.  If the commission's disability denial is premised on the latter and that conclusion is supported by "some evidence," judicial inquiry ends.  There is no need to delve into the sufficiency of the commission's nonmedical analysis where the inability to work is attributable exclusively to nonallowed conditions.  State ex rel. LTV Steel Co. v. Indus. Comm. (1992), 65 Ohio St.3d 22, 599 N.E.2d 265.  However, if the first basis controls, Noll sufficiency becomes an issue.

Being unable to proceed to Noll review at this time, we find consideration of claimant's request for relief consistent with Gay to be premature.  We, therefore, find that the appellate court properly ordered the commission to issue an amended order clarifying its decision.

Accordingly, that portion of the appellate judgment ordering the commission to consider claimant's nonallowed medical condition is reversed.  The balance of the judgment is affirmed.

Judgment reversed in part
and affirmed in part.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.
Douglas, Resnick and F.E. Sweeney, JJ., dissent.