THE STATE EX REL. KLEEMAN, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT, ET AL.

[Cite as *State ex rel. Kleeman v. Indus. Comm.* (1994), 69 Ohio St.3d 406.]

(No. 93–1363—Submitted March 22, 1994—Decided June 8, 1994.)

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant and cross-appellee.

Lee Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee and cross-appellant.

---

*Per Curiam.* Claimant contests the decision to order the commission to issue an amended order, urging instead a writ of mandamus to compel a permanent total disability award, consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission objects to the appellate court's suggestion that claimant's nonallowed medical conditions must be factored into claimant's disability determination. Only the latter challenge has merit.

Preliminary to any discussion of *Gay's* applicability is a finding that the reasoning set forth in the commission's order falls short of *Noll, supra.* In this case, however, we cannot even reach the question of *Noll* sufficiency because of our inability to discern the basis for denial of permanent total disability compensation. On the one hand, the order suggests that the combination of claimant's allowed conditions and nonmedical factors did not prevent sustained remunerative employment. On the other hand, it also suggests that claimant may be permanently and totally disabled, but not as a result of the allowed medical conditions.

Clarification is crucial. If the commission's disability denial is premised on the latter and that conclusion is supported by "some evidence," judicial inquiry ends. There is no need to delve into the sufficiency of the commission's nonmedical analysis where the inability to work is attributable exclusively to nonallowed conditions. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265. However, if the first basis controls, *Noll* sufficiency becomes an issue.

Being unable to proceed to *Noll* review at this time, we find consideration of claimant's request for relief consistent with *Gay* to be premature. We, therefore,

find that the appellate court properly ordered the commission to issue an amended order clarifying its decision.

Accordingly, that portion of the appellate judgment ordering the commission to consider claimant's nonallowed medical condition is reversed. The balance of the judgment is affirmed.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.