OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Lopez, Appellant and Cross-Appellee, v.
Industrial Commission of Ohio, Appellee and Cross-Appellant.,
et al.
[Cite as State ex rel. Lopez v. Indus. Comm. (1994),      Ohio
St.3d      .]
Workers' compensation -- Application for permanent total
    disability compensation -- Industrial Commission's order
    denying compensation vacated and returned to the
    commission for further consideration and an amended order
    when the commission fails to explain how the vocationally
    unfavorable factors it cites supports a conclusion that
    claimant can work.
    (No. 93-1599 -- Submitted March 29, 1994 -- Decided June
15, 1994.)
    Appeal from the Court of Appeals for Franklin County, No.
92AP-286.
    Claimant-appellant, Valentin Lopez, suffered "low back
sprain with myofascitis" in 1982, while in the course of and
arising from his employment with American Crucible Products.
His workers' compensation claim for this condition was
allowed. In 1990, claimant applied to appellee and
cross-appellant, Industrial Commission of Ohio, for permanent
total disability compensation. Attending physician, Dr. Gerard
Seltzer, in addition to his physical findings, noted the
following "additional history":
    "Valentin Lopez is approaching 63 years of age, has a 6th
grade education, received in Puerto Rico, and has received no
additional vocational or technical training. He has worked as
a laborer, generally doing heavy duty work (heavy duty being
defined as frequent lifting of 35 pounds and over and frequent
carrying of over 30 pounds). He began work as a farm hand, for
two years, was then employed by the New York Central Railroad,
also as a laborer, and then by American Crucible Foundry, where
he worked for 33 years. * * *"
Dr. Seltzer's report concluded:
    "Diagnosis: Low back sprain with myofascitis (lumbosacral
myofascitis). Degenerative arthritis of the hands, back, and
legs. Chronic ulcers of the stomach and intestine. * * *

"Opinion: Based on the history, subjective complaints, additional history, and my objective findings, it is my opinion that Valentin Lopez is permanently and totally disabled [sic] and unfit for sustained remunerative employment as a result of his industrial injury of November 8, 1982." (Emphasis added.)

Claimant was examined on the commission's behalf on January 26, 1990 by Dr. Gary I. Katz, who wrote:

"Examination: The patient has a normal station and gait and mild tenderness over the lumbar area. There is no muscle spasm or list. Lumbar lordosis is normal. He has fairly good motion of the lumbar spine with flexion of 35 [degrees]. He has good bilateral-lateral bending of the lumbar spine. Straight-leg raising test is negative bilaterally. He has a good range of motion of both hips and no contractures. There is no motor or sensory loss in the lower extremities. Deep tendon reflexes of the legs are negative and there is no muscle atrophy. There is no sign of nerve root compression.

"Opinion: Examination of the lumbar spine and lower extremities is not remarkable. There certainly are no objective findings and his tests including the CT scan and lumbar myelogram that he had in 1986 were essentially negative. There is certainly no sign of a herniated disc. I feel this represents a chronic lumbosacral myofascitis by history due to the injury described above. I do not feel this patient [is] permanently and totally disabled [sic] from gainful employment because of that incident. I feel he is able to work at his former position of employment and he does not require rehabilitation. In view of the findings at this time, I feel he is entitled to a permanent partial impairment of 50 [percent] of the body as a whole."

Dr. Katz's knowledge of claimant's former job duties was apparently suspect, because six months later the commission submitted an interoffice communication to Dr. Katz that stated:

"Please find enclosed a copy of your 01/26/90 report and the job description filed 05/03/90. In light of this job description, would the 01/26/90 opinion be different?"

The referenced job description established that claimant's foundry job entailed exclusively physical labor. For example, claimant was required to lift and carry between twenty-six to fifty pounds seventy times per day and fifty-one to one hundred pounds thirty times per day. Dr. Katz replied that his opinion was unchanged by this information.

Claimant also submitted the report of vocational consultant William L. Fink. Fink opined that claimant was functionally illiterate in English. He also wrote:

"The record indicates that Mr. Lopez worked as a laborer for American Crucible (a foundry) for thirty-four years. This work required no less than medium level work activity and for a significant amount of the time, heavy to very heavy work was required. There was also the heat stress factor, job hazards such as molten metal and hot molds. Therefore, in considering Mr. Lopez as a worker, by history, he has only done heavy manual labor. He is not skilled, and at best, he is a functional illiterate. In addition, he is an older worker of sixty (60) years of age. He has no history of having done light work, or having done any work requiring fine manipulation, therefore, his language problem and his

restricted work experience would make a transition to other work very unlikely.

"* * *

"Thus, to summarize Mr. Lopez' problems they are:

"(1) His inability to do the job he has done for thirty-four (34) years.

"(2) His difficulty with English and his very low literacy level.

"(3) His lack of flexibility as a worker, he has learned only one type of laboring job in a foundry.

"In conclusion, Mr. Lopez is to be commended with regard to his motivation.  He held a hot, heavy, and very unpleasant job for thirty-four (34) years. * * * Mr. Lopez impresses me as an individual who has used every resource he had; however, without the ability to use his back, he has become unemployable."

The commission denied permanent total disability compensation, writing:

"The reports of Doctors Seltzer and Katz and Vocational Expert Fink were reviewed and evaluated.

"This order is based particularly upon the reports of Doctor(s) [sic] Katz, a consideration of the claimant's age, education, work history * * *.

"It is noted that the claimant is 64 years old, has a limited education, and has worked only as a laborer.  It should also be noted that the claimant was able to work approximately four years after the date of injury and that diagnostic tests taken in 1988 were essentially normal.  The Commission orthopedic specialist specifically found, upon examination and review of the claimant's job description, that the claimant could return to his former position of employment.  Given the above, it is decided that the claimant is not permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation.  The court, concluding that the commission's order did not satisfy State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, vacated the order and returned the cause for further consideration and amended order.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Hahn, Swadey & Pollock and Victor Hahn, for appellant and cross-appellee.

Lee I. Fisher, Attorney General, and Gloria P. Castrodale, Assistant Attorney General, for appellee and cross-appellant.

Per Curiam.  Both parties contest the appellate court's decision to return the cause to the commission.  Claimant apparently seeks a writ of mandamus to compel a permanent total disability award consistent with our decisions in State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood (1991), 60 Ohio St.3d 38, 573 N.E.2d 60, or State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.  The commission

wants the order upheld. For the reasons to follow, the appellate court judgment is affirmed.

Central to claimant's position is the removal of Dr. Katz's report from evidentiary consideration. We initially reject claimant's assertion that the commission's reliance on Katz's report violated due process. Even if the report proves to be irreparably flawed, reliance on an evidentially deficient report is not a constitutional infringement. Claimant, moreover, had every opportunity to address any perceived flaw at the hearing. Having had this opportunity, no due-process violation occurred.

We also disagree with claimant's assertion that the length of Katz's medical examination renders his report inherently unreliable. This criticism essentially attacks the doctor's medical expertise and abilities - - an inquiry we refuse to pursue.

Claimant also challenges Dr. Katz's understanding of claimant's job duties. A lack of awareness of previous duties is generally of little consequence in a permanent total determination, since the relevant, issue is not the ability to return to the former job, but is instead claimant's capacity for any sustained remunerative work. In this case, however, recognition of previous duties is relevant since the commission premised its decision on Katz's statement that claimant could resume his previous job. This, in turn, necessarily influenced the weight given to claimant's nonmedical disability factors.

We find claimant's position to be unpersuasive. The commission forwarded a detailed job description to Katz. That the description was the employer's and not claimant's is immaterial, as both descriptions attest to the heavy nature of claimant's foundry job. Katz was, therefore, adequately apprised of claimant's former duties.

Claimant argues that the "equivocal" nature of Katz's report bars its consideration under State ex rel. Paragon v. Indus. Comm. (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372. We disagree with the characterization of Katz's report as "equivocal." The disputed report by Dr. Cullin in Paragon alternately stated that claimant could and could not work. Katz, on the other hand, offers only one opinion on claimant's ability to work.

Katz's report, however, while unequivocal, is so internally inconsistent that it cannot be "some evidence" supporting the commission's decision. Despite "normal" physical findings, Katz assessed a high (fifty percent) degree of impairment. He then, however, concluded that claimant could perform heavy foundry labor. Being unable to reconcile these seeming contradictions, we find that the report is not "some evidence" on which to predicate a denial of permanent total disability compensation.

Contrary to claimant's suggestion, however, the removal of Katz's report from evidentiary consideration does not compel an award of permanent total disability compensation, since the only remaining medical evidence -- Dr. Seltzer's report -- is also severely flawed. Seltzer's opinion is grounded on a myriad of nonallowed conditions. His reference to the allowed condition is followed by references to "[d]egenerative arthritis of the hands, back, and legs. Chronic ulcers of the

stomach and intestine" -- all nonallowed health problems.

Seltzer's opinion also improperly strays beyond the bounds of impairment into that of disability. His conclusion is expressly based, in part, on claimant's "additional history," which consists of Seltzer's discussion of claimant's nonmedical disability factors. Thus, like Dr. Katz's report, Seltzer's narrative lacks an opinion as to the amount of physical impairment alone that is attributable to claimant's allowed conditions. Relief consistent with Haygood or Gay, supra, is, therefore, inappropriate.

Equally untenable is affirmation of the commisson's order. While the flaws in Seltzer's report eliminate the possibility that such report alone could sustain a permanent total disability award, the report suggests the possibility of some degree of impairment attributable to the allowed conditions which could combine with claimant's nonmedical disability factors to produce permanent total disability. State ex rel. LTV Steel Co. v. Indus. Comm. (1992), 65 Ohio St.3d 22, 599 N.E. 2d 265, cannot, therefore, serve as a basis on which to uphold the order.

Moreover, even if the commission's order did reference medical evidence recognizing some degree of allowable impairment, its explanation as to how that impairment combined with claimant's nonmedical profile to produce an employable claimant falls short of Noll, supra. Once again, the commission has failed to explain how the vocationally unfavorable factors that it cites supports a conclusion that claimant can work. A return for further consideration and amended order is, therefore, appropriate.

For the reasons cited above, the judgment of the appellate court is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.

Douglas, Resnick and F.E. Sweeney, JJ., dissent.

Alice Robie Resnick, J., dissenting. The facts in this case clearly indicate that there is a substantial likelihood that claimant is permanently and totally disabled. Pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, benefits should be awarded. It serves no purpose to return this cause to the commission pursuant to Noll.

Douglas and F.E. Sweeney, JJ., concur in the foregoing dissenting opinion.