[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 239.]

THE STATE EX REL. BRADLEY, APPELLEE, v. INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as State ex rel. Bradley v. Indus. Comm., 1997-Ohio-48.]

*Workers' compensation—Industrial Commission's denial of application for temporary total disability compensation not an abuse of discretion when there is evidence in the record to support the commission's stated basis for its decision.*

(No. 94-2680—Submitted November 12, 1996—Decided January 15, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-1019.

————————————

{¶ 1} Appellee-claimant, Carolyn H. Bradley, was injured in November 1989 in the course of and arising from her employment with Kellermeyer Building Services, Inc. Appellant, Industrial Commission of Ohio, allowed appellee's workers' compensation claim for "twisted right knee, strain low back, tear of lateral & medial meniscus of the right knee & patellar chondromalacia of the right knee."

{¶ 2} Nearly two years after being injured, appellee underwent surgery. In an "operative report" prepared at the time of the surgery, Clark N. Hopson, M.D., claimant's surgeon, set forth a preoperative diagnosis of "Bone tumor, right proximal tibia[;] Chronic right knee pain" and a postoperative diagnosis of "Chronic right knee pain secondary to hypertrophic medial synovial plica[;] Bone tumor right proximal tibia—pathology pending." Dr. Hopson also noted in the operative report that a preoperative MRI taken of appellee's knee was "suggestive of a brown cell tumor or Brodie's abscess. Because of persistent knee pain and findings on bone scan and MRI she was brought to the operating room for the above procedure."

**{¶ 3}** Following the surgery, appellee filed with the commission a C-84 "Physician's Report Supplemental" claim for temporary total disability compensation ("TTD") in which Dr. Hopson certified appellee as temporarily totally disabled beginning on September 10, 1991, the date of surgery, to an estimated return-to-work date of December 9, 1991. Dr. Hopson noted in the claim that appellee's "present complaints and condition(s)" were "Chondromalacia Patella (R)Knee, Hypertrophic Medial Synovial Plica, Bone tumor (R)proximal tibia."

**{¶ 4}** In response to appellee's claim for TTD, Dr. Chavez prepared a report for the commission captioned "Physician Review Sheet," in which he stated that "Based on data in the file, there is no indication that the resected tibial tumor is related to the claim."

**{¶ 5}** A district hearing officer denied appellee's claim for TTD, finding that "claimant was disabled due to unrecognized conditions. The medical evidence does not indicate claimant was disabled due to the recognized condition of this claim." The order stated that the decision was based on the reports of Drs. Hopson and Chavez.

**{¶ 6}** Appellee appealed the hearing officer's decision to the Dayton Regional Board of Review, which conducted a hearing. At the hearing, appellee submitted a letter from Dr. Hopson that stated: "As you are aware we did perform surgery on Carolyn Bradley for an alleged bone tumor of her proximal tibia and chronic right knee pain. No bone tumor was documented by biopsy. It was felt that the patient's knee pain was due to a hypertrophic medial synovial plica or swollen lining of the knee in a localized area. This was resected arthroscopically and documented by video. Therefore, the diagnosis of tumor should be deleted. I would classify her as a chronic knee sprain secondary to her Workman's Comp [*sic*] injury and secondary hypertrophic medial synovial plica or localized synovial swelling."

2

{¶ 7} The board of review affirmed the hearing officer's order, finding that appellee had previously been allowed a claim "for twisted right knee, strain low back, tear of lateral and medial meniscus of the right knee and patellar chondromalacia of the right knee."

{¶ 8} Appellee appealed the board of review's decision to the commission and presented a second C-84 report, in which Dr. Hopson extended appellee's return-to-work date to February 14, 1992, and stated appellee's "present complaints and condition(s)" as "(R)Knee pain 717.7." Following a hearing, two staff hearing officers affirmed the board of review's order, finding that the regional board's decision was supported by proof in the record and citing particularly the reports of Drs. Chavez and Hopson, including the operative report.

{¶ 9} Appellee filed a mandamus action in the Court of Appeals for Franklin County, alleging that the commission had denied her TTD on the basis of "no proper evidence." The court of appeals issued a limited writ of mandamus ordering the commission to vacate its order denying appellee TTD and to enter a new order, either granting or denying TTD, setting forth "not only the evidence relied upon but also the requisite explanation of the reasoning for the decision in full compliance with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203 [567 N.E.2d 245]."

{¶ 10} This cause is now before this court upon an appeal as of right.

———————————

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.*, and *Lane N. Cohen*, for appellee.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

COOK, J.

{¶ 11} The issues in this case are (1) whether the commission's order denying appellee's claim for TTD satisfies the requirements of *Noll, supra*; and (2) if the order complies with *Noll,* whether the commission abused its discretion in denying appellee's claim for TTD.

{¶ 12} In *Noll,* we stated in the syllabus that "[i]n any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." The order must make it apparent "from the four corners of the decision that there is some evidence supporting it." *Id.*, 57 Ohio St.3d at 206, 567 N.E.2d at 248. The order must be fact-specific in order that a meaningful review can be undertaken upon appeal. *Id.*

{¶ 13} The hearing officer's order states that appellee's claim for TTD was disallowed because appellee was "disabled due to unrecognized conditions." Although appellee's supplemental claim for TTD stated that one of the complaints and conditions supporting her claim was chondromalacia patella of the right knee, an allowed condition, the claim also stated hypertrophic medial synovial plica and bone tumor of the right proximal tibia, conditions that had not been allowed in the original claim. The operative report prepared by Dr. Hopson, and relied upon by the commission in its decision, indicated a preoperative diagnosis of tumor and a postoperative diagnosis of "[c]hronic right knee pain secondary to hypertrophic medial synovial plica," conditions that were not included in appellee's original claim. Dr. Chavez's report, also relied upon by the commission in its decision, noted that there was no indication "that the resected tibial tumor is related to the claim." Although Dr. Hopson's letter, prepared after surgery and submitted to the board of review, "deleted" the diagnosis of tumor, this postoperative discovery does not remove the suspected tumor as a reason for the surgery and does not, on this record, prevent the commission from concluding that the surgery was performed because of a nonallowed condition and that the surgery caused TTD.

{¶ 14} A party challenging a commission order bears the burden of demonstrating that the commission's determination manifests an abuse of discretion. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20, 31 OBR 70, 72, 508 N.E.2d 936, 938. Abuse of discretion means that the commission's decision was rendered without some evidence to support it. *Id.* This court's role in reviewing a mandamus action challenging a decision of the commission is limited to whether there is some evidence in the record to support the commission's stated basis for its decision. *Id.* at the syllabus.

{¶ 15} A claimant cannot be compensated for disability caused by conditions unrelated to his employment injury or resulting from nonallowed medical conditions. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 454-455, 619 N.E.2d 1018, 1020. The mere presence of a nonallowed condition in a claim for TTD does not in itself destroy the compensability of the claim, but the claimant must meet his burden of showing that an allowed condition independently caused the disability. The allowed condition cannot combine with a nonallowed medical condition to produce TTD. Cf. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265.

{¶ 16} Dr. Hopson's operative report states that surgery was performed on appellee because of a suspected bone tumor. His postoperative diagnosis again refers to the presence of a suspected bone tumor, and adds a further condition not previously allowed by the commission, hypertrophic medial synovial plica. Even Dr. Hopson's letter, clarifying that no bone tumor had been discovered by biopsy following surgery, classified appellee's injury as chronic knee sprain secondary to her workers' compensation injury, but attributed the injury only to the specific nonallowed condition of hypertrophic medial synovial plica. The letter did not attribute the TTD to any of the allowed conditions of appellee's claim. Although the first C-84 claim for TTD includes one of the allowed conditions along with the nonallowed conditions, nothing in that claim or in the other evidence presented to

the commission demonstrated that the allowed condition independently caused appellee's TTD.

{¶ 17} Under the facts of this case, the hearing examiner's report was sufficiently specific to meet the requirements of *Noll*. The hearing officer's order explains that TTD was disallowed because appellee's disability resulted from "unrecognized conditions." The reports of Drs. Chavez and Hopson constituted some evidence to support the hearing officer's finding that appellee was disabled due to unrecognized conditions. The commission did not abuse its discretion in denying appellee's claim for TTD.

{¶ 18} For these reasons, we reverse the judgment of the court of appeals and reinstate the decision of the commission denying appellee's claim for TTD.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**DOUGLAS, J., dissenting.**

{¶ 19} I respectfully dissent. I would affirm the judgment of the court of appeals.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____