[Cite as *State ex rel. Eddy v. Indus. Comm.*, 2016-Ohio-387.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State of Ohio ex rel. Kelly J. Eddy, | : | |
| Relator, | : | |
| v. | : | No. 14AP-952 |
| Industrial Commission of Ohio, Progressive C Stores, LLC, and Richmond Country Market, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on February 4, 2016

*The Bainbridge Firm, LLC, Carol L. Herdman, Andrew J. Bainbridge*, and *Christopher J. Yeager*, **for relator.**

*Michael DeWine*, **Attorney General, and** *Kevin J. Reis,* **for respondent Industrial Commission of Ohio.**

IN MANDAMUS

BRUNNER, J.

{¶ 1} Relator Kelly J. Eddy has filed an original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying her application for temporary total disability compensation and to find that she is entitled to that compensation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. No objections have been filed to that decision.

No. 14AP-952

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

KLATT and HORTON, JJ., concur.

No. 14AP-952

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State of Ohio ex rel. Kelly J. Eddy, | : | |
| Relator, | : | |
| v. | : | No. 14AP-952 |
| Industrial Commission of Ohio Progressive C Stores, LLC, and Richmond Country Market, | : : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 20, 2015

*The Bainbridge Firm, LLC, Carol L. Herdman, Andrew J. Bainbridge,* and *Christopher J. Yeager,* for relator.

*Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 4} Relator, Kelly J. Eddy, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied relator's application for temporary total disability ("TTD") compensation, and ordering the commission to find that she is entitled to that compensation.

No. 14AP-952

<u>Findings of Fact</u>:

{¶ 5}   1. Relator sustained a work-related injury on April 15, 2013, and her workers' compensation claim has been allowed for the following conditions:  "closed dislocation patella, right knee; sprain right knee; sprain right leg."

{¶ 6}   2. Although relator was taken off work for four days, her treating physician, John T. Columbus, M.D., released her to return to work without restrictions as of April 19, 2013.

{¶ 7}   3. In June 2013, relator was diagnosed with breast cancer and informed her manager, Ms. Vandruff, that she would be pursuing surgery and radiation treatments.

{¶ 8}   4. On June 30, 2013, Vandruff completed a Request to Employer for Separation Information form for the Ohio Department of Job and Family Services indicating that relator was being discharged because "[s]he has breast cancer, needed time off for doctor visits and tests. She has a lot of appointments."  The form also indicates that relator was given a "medical discharge until she is done with her radiation treatments."

{¶ 9}   5.  Further diagnostic testing revealed that relator's injury to her right knee was more significant than the condition of sprain right knee, which was originally allowed by the employer and commission.

{¶ 10} 6. Dr. Columbus sought authorization for a consultation with Dr. Capito, physical therapy, and a knee brace.  These requests were all approved.

{¶ 11} 7. Ultimately, due to the worsening and/or severity of relator's knee conditions, her doctors opined that she was temporarily unable to return to work and she filed an application for TTD compensation.

{¶ 12} 8. Relator's application was heard before a district hearing officer ("DHO") on October 24, 2013 and was allowed.  Specifically, the DHO stated:

> It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Injured Worker on 08/07/2013 is granted to the extent of this order.

> The Injured Worker's request for the payment of temporary total disability compensation is granted. Specifically, temporary total compensation is to be paid in this claim from 07/26/2013 through 08/29/2013. Further temporary total compensation is to be paid upon submission of evidence supportive of temporary total compensation.
>
> The District Hearing Officer is relying upon the Medco-14 form in file from Dr. Columbus, as well as his report from the same date and his 05/30/2013 treatment note in file.

{¶ 13} 9. Relator's employer appealed and the matter was heard before a staff hearing officer ("SHO") on January 14, 2014. The SHO denied relator's request for TTD compensation beginning July 26, 2013, finding that relator had continued to work full duty without any restrictions until June 2013 when she took vacation leave from work. Before she returned to work, relator had learned that she had breast cancer and would need to be away from work for an unspecified period of time. The SHO summarized:

> The Injured Worker continued to work without any restrictions following this industrial injury. The Injured Worker testified that she last worked on 06/10/2013. The Injured Worker indicated that after 06/10/2013 she took several days off of work due to a co-worker's brother[']s funeral and due to a pre-scheduled vacation in mid to late June. The Injured Worker was not scheduled to return to work until July 2, 2013 per the Injured Worker's testimony at hearing. While the Injured Worker was off of work in June 2013, the Injured Worker underwent a mammogram and a breast biopsy. She was diagnosed with breast cancer. The Injured Worker called Ms. Vandruff, her manager, while she was off of work for a prescheduled vacation that she was diagnosed with breast cancer and that she would have to have surgery and radiation treatments. The Injured Worker testified that she went into work on 07/02/2013 in order to pick up her paycheck and to get her work schedule. At that time, the Injured Worker testified that Ms. Vandruff told her that she was not put on the work schedule due to the Injured Worker's medical appointments and her breast cancer. The Injured Worker interpreted Ms. Vandruff's statement as that she was being terminated from her employment.
>
> At hearing, the Employer made a verbal offer to the Injured Worker to return to work. The Injured Worker refused the

> offer to return to work. The Injured Worker indicated that she would not return to work with Ms. Vandruff and that she feels betrayed by her employer.
>
> The Hearing Officer finds insufficient evidence that the Injured Worker was in fact terminated or was provided time off work for medical treatment.
>
> Although the employer's separation information forms, which were completed by Ms. Vandruff, indicate that the Injured Worker was discharged because she has breast cancer and needed time off for doctors visits and tests, the form also indicated that the Injured Worker had a medical discharge until her radiation treatments were completed. The Injured Worker testified that she underwent two surgeries and radiation treatments.

(Emphasis sic.)

{¶ 14} Thereafter, the SHO discussed the medical evidence in the record and explained why it did not support an award of TTD compensation beginning July 26, 2013:

> There was no medical treatment rendered for the allowed conditions between 05/30/2013 (date of last medical treatment prior to her alleged termination from employment) until 07/26/2013 (when the Injured Worker was re-examined by Dr. Columbus for the industrial injury). There is no physical therapy after 05/31/2013 until the Injured Worker started physical therapy in January 2014 or late December 2013.
>
> The Hearing Officer does not find the Injured Worker was rendered temporarily and totally disabled due to the allowed conditions of this claim beginning 07/26/2013.
>
> The 05/09/2013 right knee MRI demonstrated a mild laxity of the anterior cruciate suggesting a sprain or possible partial chronic tear but there was an otherwise negative study.
>
> The Injured Worker continued to work full duty without any restrictions until she took off work in June 2013 due to a co-worker's brother's funeral and prescheduled vacation.

> According to Dr. Columbus' 07/26/2013 physical examination of the Injured Worker, there was no obvious distress, the Injured Worker had difficult gait, she had a lot of tenderness to the knee, the extension was limited, but there was no objective physical examination findings demonstrating a worsening of the Injured Worker's right knee condition.
>
> The Hearing Officer also relies upon: Dr. Columbus' two MEDCO-14s, dated 04/19/2013, which indicate the Injured Worker was released to return to full duty without restrictions on 04/19/2013; Dr. Chopra's MEDCO-14, dated 05/17/2013, which released the Injured Worker to return to work without any restrictions on 05/17/2013; and the 04/16/2013 office note, which indicated the Injured Worker was taken off work for only two days.
>
> There was no compensable lost time subsequent to this 04/15/2013 injury until this request for payment of temporary total disability compensation beginning 07/26/2013.

**(Emphasis sic.)**

{¶ 15} 10. Relator's appeal was refused by order of the commission mailed February 12, 2014.

{¶ 16} 11.  Thereafter, relator filed the instant mandamus action in this court.

<u>Conclusions of Law</u>:

{¶ 17} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 18} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief.  *State ex*

*rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 20} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 21} In the present case, relator had been released to return to work without any restrictions as of April 19, 2013, four days after she sustained her work-related injury. Soon thereafter, relator was on vacation and subsequently discovered that she had breast cancer; however, she was still working for her employer without any restrictions. It was not until after her employer essentially granted her a temporary medical discharge so she could pursue radiation and possible surgery for her breast cancer that relator's treating physicians opined that the allowed conditions in her claim now prevented her from returning to her former position of employment.

{¶ 22} At no time has the commission said that there is no medical evidence that relator's allowed conditions, at some time, precluded her from returning to her former position of employment. However, what the commission did say was that relator had no compensable time lost as a result of her allowed conditions because her employer had

granted her a medical leave disability so that she could pursue treatment for her breast cancer.

{¶ 23} Relator's original departure from her employment was not related to the allowed conditions in her claim. When a departure from employment is not related to the allowed conditions, the departure is considered voluntary and not involuntary and precludes an award of TTD compensation. *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993); *State ex rel. Bradley v. Indus. Comm.*, 77 Ohio St.3d 239 (1997). Relator did not return to work before her doctors opined that the allowed conditions now rendered her temporarily disabled. If she had, she would have been eligible to receive TTD compensation. *See State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305.

{¶ 24} Relator also asserts that she was terminated from her employment because she needed time off to care for herself after she was diagnosed with cancer. However, the SHO considered this argument and rejected it finding the forms provided that she was being given a medical discharge until her treatments for cancer concluded. Questions of fact are clearly within the discretion of the factfinder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981). The commission's finding in this regard is supported by some evidence.

{¶ 25} There is some evidence in the record from which the commission could conclude that relator's absence from the workplace was not due to the allowed conditions in her claim, but resulted from her need to pursue treatment for her cancer. Inasmuch as her cancer is not an allowed condition in her claim, she was not out of the workforce due to the allowed conditions in her claim, but she was out of the workforce for other reasons and, as such, her departure was considered voluntary.

{¶ 26} Based on the foregoing, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

No. 14AP-952

## NOTICE TO THE PARTIES

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**