THE STATE EX REL. FIELDS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Fields v. Indus. Comm.* (1993), 66 Ohio St.3d 437.]

438

(No. 92-2076—Submitted April 6, 1993—Decided June 16, 1993.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Sheldon Karp Co., L.P.A.,* and *Sheldon Karp,* for appellant.

*Lee I. Fisher,* Attorney General, and *Richard A. Hernandez,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, directed the commission to "specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision. An order of the commission should make it readily apparent from the four corners of the decision that there is some evidence supporting it." *Id.* at 206, 567 N.E.2d at 248.

The commission concedes that its order does not satisfy *Noll* since it does not explain the reasoning behind the order but merely identifies evidence that the commission deemed relevant. Mere recitation of claimant's age, education and work history does not constitute an *explanation* of the commission's decision.

However, a *Noll* violation does not mandate substitution of the commission's denial with an order granting permanent total disability benefits. Under similar facts, we rejected this proposition, writing:

"A lack of 'some evidence' supporting denial of permanent total disability compensation does not automatically translate into 'some evidence' supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. Accordingly, we return the cause to the commission for further consideration of the application." *State ex rel. Wilcox v. Ashtabula Cty. Highway Dept.* (1992), 64 Ohio St.3d 190, 192, 593 N.E.2d 1390, 1391–1392.

Claimant responds that the commission must be instructed to find permanent total disability upon remand if claimant's allowed conditions together with nonmedical evidence and nonallowed medical conditions remove him from sustained remunerative employment.

Claimant's assertion arises from language in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, in which this court ordered the commission, for the first time, to consider nonmedical disability factors in evaluating applications for permanent total

disability compensation. *Stephenson* directed the commission to "look at the claimant's age, education, work record, *and all other factors, such as physical,* psychological and sociological, that are contained within the record in making its determination of permanent total disability." (Emphasis added.) *Id.* at 173, 31 OBR at 374, 509 N.E.2d at 951.

Claimant misreads *Stephenson.* The commission must "look at" all relevant factors in the record that may affect a claimant's ability to work. However, *Stephenson* was never intended to permit the commission to base an award of permanent total disability on non-allowed medical conditions, in whole or in part.

For these reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., dissents.