THE STATE EX REL. RODRIGUEZ, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Rodriguez v. Indus. Comm.* (1993), 67 Ohio St.3d 210.]

(No. 92–2278—Submitted June 15, 1993—Decided August 25, 1993.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Frank L. Gallucci Jr., Co., L.P.A.,* and *Frank Gallucci,* for appellant.

*Lee I. Fisher,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant challenged the first order denying permanent total disability compensation by an action in mandamus. Dissatisfied with the remedial action that the appellate court ordered, claimant appealed to this court. The commission, meanwhile, prepared a second order incorporating the appellate

court's instructions. Claimant contests the commission's authority to issue the later order. We agree with claimant's assertions, but decline to order the relief claimant seeks.

R.C. 4123.52 provides in part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

Continuing jurisdiction has substantive and time restrictions. Substantively, continuing jurisdiction may be invoked where an order contains a mistake of law of such character that remedial action would clearly follow. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. This prerequisite has been met here. The initial commission order suggests that potentially relevant vocational evidence had not been considered, contrary to *Cupp, supra.* We also find that the order did not satisfy the standard set by *Noll, supra.* These are errors that would certainly generate remedial action by this court in the form of further consideration and an amended order.

Continuing jurisdiction, however, must also be timely exercised. *State ex rel. Gatlin v. Yellow Freight Systems, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487. The commission retains jurisdiction over nonappealable orders, such as this, "for a reasonable period of time." *Id.* at syllabus. Claimant maintains that "a reasonable period of time" cannot extend beyond the filing of a mandamus complaint. We agree.

We routinely have held that the filing of an appeal terminates an administrative agency's continuing jurisdiction. See, *e.g., State ex rel. Borsuk v. Cleveland* (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419; *State ex rel. Prayner v. Indus. Comm.* (1965), 2 Ohio St.2d 120, 31 O.O.2d 192, 206 N.E.2d 911; *Diltz v. Crouch* (1962), 173 Ohio St. 367, 19 O.O.2d 312, 182 N.E.2d 315. We find no compelling reason to allow the commencement of a mandamus action to have a different effect. Commission recognition and correction of, as here, clear mistakes of law is to be encouraged when it occurs before judicial proceedings have begun. Beyond that point, we fear that, more often than not, commission action will frustrate, not further, expeditious and fair resolution of disputes, as well as judicial economy.

Contrary to the commission's suggestion, our decision in *B & C Machine Co., supra,* does not dictate a different result. While *B & C Machine Co.* added a new substantive element to continuing jurisdiction, it did not extend the time during which continuing jurisdiction may properly be exercised. *B & C Machine Co.* was factually unique, addressing a "null" appeal. The timely exercise of continuing jurisdiction in the case of properly appealable orders or those amenable to mandamus was not at issue.

Having determined that the commission's continuing jurisdiction ceases once a mandamus action has been commenced, we are confronted, in this case, with an unusual circumstance. Aware of the nullifying effect the finding of no jurisdiction has on a commission order, we also recognize that the second commission order herein incorporates the very corrections we would have ordered, had the first order been the only one before us. To disregard the second order by returning the cause to the commission to reissue, under the guise of *Cupp* and *Noll* compliance, a substantively identical, yet post-dated, order, is an unnecessarily duplicative act under these facts.

Therefore, consistent with our longstanding refusal to issue a writ of mandamus to compel a vain act (*State ex rel. Snider v. Stapleton* [1992], 65 Ohio St.3d 40, 600 N.E.2d 240; *State ex rel. Petroff v. Indus. Comm.* [1933], 127 Ohio St. 65, 186 N.E. 721), we decline to return the cause to the commission for further consideration and an amended order, and instead proceed to examine the second order on its merits. Upon review, we find that this order is supported by "some evidence." See *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. The commission in its second order also adequately explains its reasoning, consistent with *Noll*. Finally, we find that the commission remedied an earlier evidentiary deficiency by considering previously overlooked vocational evidence.

Accordingly, a limited writ ordering further consideration and an amended order is no longer warranted. The judgment of the court of appeals is, therefore, reversed.

*Judgment reversed.*

MOYER, C.J., WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

A.W. SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would grant the writ and order compensation for permanent total disability ("PTD"). The medical impairment finding and consequent disability are substantial and clear. The "*Stephenson* factors" (*State ex rel. Stephenson v. Indus. Comm.* [1987], 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946) are both obvious and significant. The commission's rehabilitation division closed appellant's rehabilitation file "based on Mr. Rodriguez's lack of education, age (51), lack of transferrable skills to sedentary type position, and lack of recommendations directed at vocational services with a goal of returning to work." What more is necessary for there to be a PTD determination? The time has come for this court, in these cases, not to ignore the obvious.

A.W. SWEENEY and RESNICK, JJ., concur in the foregoing dissenting opinion.