OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Erico Products, Inc., Appellant, v.
Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Erico Products, Inc. v. Indus. Comm.
(1994),     Ohio St.3d     .]
Workers' compensation -- Application for permanent total
     disability compensation -- Permanent total disability
     cannot be based, wholly or partially, on nonallowed
     medical conditions.
Permanent total disability cannot be based, wholly or partially,
     on nonallowed medical conditions.
     (No. 93-1890 -- Submitted August 31, 1994 -- Decided
November 9, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-613.
     Appellee-claimant, Fayette J. Presley, filed an
application for workers' compensation in 1982 as a result of an
injury incurred in the course of and arising from his
employment with appellant-employer, Erico Products, Inc.  This
claim was allowed for "lumbosacral strain."  Claimant also
suffers from two serious nonindustrial conditions--
arteriosclerotic heart disease and cancer.  The claim has not
been additionally allowed for degenerative joint disease
(osteoarthritis) and lumbar spondylosis, although those
conditions have been diagnosed.
     In 1990, claimant moved appellee Industrial Commission for
permanent total disability ("PTD") compensation.  Among the
evidence before the commission were the reports of Doctors
Brahms and McCloud.  The former stated in its entirety:
     "[Claimant] has been under my professional care.  He
suffers from severe Deg. Joint Disease, with Lumbar
Spondylosis.  Has limitation of movement.  Also suffers from
Atherosclerotic Heart Disease.  He underwent near total
Laryngectomy in the past.  He is totally and permanently
disabled at the present time."
     McCloud's report concluded:
     "It is my opinion that this individual does not present
with medical evidence consistent with considering him
permanently and totally impaired.  He is capable of sustained,

remunerative employment.  He is not capable of his 1982 work activities.  The changes are permanent and he has reached a level of maximum medical improvement and demonstrates a permanent partial impairment of 40% of the body as a whole.  He would not be a candidate for rehabilitation.  Lastly, osteoarthritis of the lumbar articular facets should be permitted to be a portion of the claim and it is my impression that this diagnosis is responsible for the entirety of his clinical presentation."

The commission granted the application for PTD compensation.  The Franklin County Court of Appeals subsequently ordered the commission to vacate that order and to issue a new one in compliance with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  The commission again awarded permanent total disability compensation, writing:

"This order is based particularly upon the reports of Drs. Brahms and McCloud and a consideration of the claimant's age, education and work history * * *.

"It is the specific finding of the Commission that claimant is 71 years of age, has a sixth grade education, has no special training or vocational skills, has a history of work, all of which involved heavy labor as a machinist and coal miner.  It is further noted that Dr. McCloud placed several restrictions on claimant's possible work activity and further stated that he would not be a candidate for rehabilitation.  It is also noted that the claimant has severe and unrelated medical problems involving cancer of the larynx and possible black lung disease.  It is the conclusion of the Commission that claimant has disability factors which would include lack [of] transferable skills and inability to be retrained, that these factors, combined with the claimant's medical impairments effectively preclude claimant from engaging in any sustained, remunerative employment."

Appellant-employer, Erico Products, Inc., initiated a mandamus action before the Franklin County Court of Appeals, alleging that the commission had abused its discretion by granting a PTD application when there was no evidence that any amount of claimant's impairment was attributable to the only allowed condition--lumbosacral strain.  The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Calfee, Halter & Griswold, William L.S. Ross and Donald F. Woodcock, for appellant.

Lee Fisher, Attorney General, Michael P. O'Grady and Richard A. Hernandez, Assistant Attorneys General, for appellee Industrial Commission.

Francis E. Sweeney, Sr., J.   The main issue before this court is whether there was some evidence before appellee Industrial Commission of Ohio that the allowed condition, lumbosacral strain, prevents claimant from engaging in sustained remunerative employment.  For the following reasons, we find there is no evidence to support the commission's decision and, accordingly, we reverse the judgment of the court

of appeals.

Permanent total disability cannot be based, wholly or partially, on nonallowed medical conditions. State ex rel. Fields v. Indus. Comm. (1993), 66 Ohio St.3d 437, 613 N.E.2d 230. The presence of debilitating nonallowed conditions, however, does not preclude permanent total disability compensation so long as the allowed conditions independently prevent sustained remunerative employment. State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

In the present case, the only allowed condition is "lumbosacral strain." However, the report of Dr. Brahms does not attribute any amount of claimant's impairment to the allowed lumbosacral strain. Dr. Brahms attributes claimant's disability exclusively to four nonallowed conditions. Likewise, Dr. McCloud attributes claimant's impairment entirely to osteoarthritis, without even a mention of lumbosacral strain in the body of the report. Thus, neither report is "some evidence" supporting permanent total disability.

In conclusion, given a lack of any relied-upon medical evidence that relates any impairment to the allowed conditions, State ex rel. LTV Steel Co. v. Indus. Comm. (1992), 65 Ohio St.3d 22, 599 N.E.2d 265, controls. Under LTV, the total absence of impairment arising from the allowed conditions negates the nonmedical aspect of a PTD determination, since there is no allowable impairment with which nonmedical factors could conceivably combine to produce PTD. Accordingly, we find that the commission's order must be vacated for lack of "some evidence" of the allowed condition.

The judgment of the court of appeals is reversed. The Industrial Commission is ordered to vacate its order for lack of evidence and to issue an order denying compensation for PTD.

Judgment reversed
and writ allowed.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.
Douglas and Resnick, JJ., dissent.