THE STATE EX REL. ERICO PRODUCTS, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Erico Products, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 661.]

(No. 93–1890—Submitted August 31, 1994—Decided November 9, 1994.)

662

* * *.

*Calfee, Halter & Griswold, William L.S. Ross* and *Donald F. Woodcock,* for appellant.

*Lee Fisher,* Attorney General, *Michael P. O'Grady* and *Richard A. Hernandez,* Assistant Attorneys General, for appellee Industrial Commission.

FRANCIS E. SWEENEY, SR., J. The main issue before this court is whether there was some evidence before appellee Industrial Commission of Ohio that the allowed condition, lumbosacral strain, prevents claimant from engaging in sustained remunerative employment. For the following reasons, we find there is no evidence to support the commission's decision and, accordingly, we reverse the judgment of the court of appeals.

Permanent total disability cannot be based, wholly or partially, on nonallowed medical conditions. *State ex rel. Fields v. Indus. Comm.* (1993), 66 Ohio St.3d 437, 613 N.E.2d 230. The presence of debilitating nonallowed conditions, however, does not preclude permanent total disability compensation so long as the allowed conditions independently prevent sustained remunerative employment. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

In the present case, the only allowed condition is "lumbosacral strain." However, the report of Dr. Brahms does not attribute any amount of claimant's impairment to the allowed lumbosacral strain. Dr. Brahms attributes claimant's disability exclusively to four nonallowed conditions. Likewise, Dr. McCloud attributes claimant's impairment entirely to osteoarthritis, without even a mention of lumbosacral strain in the body of the report. Thus, neither report is "some evidence" supporting permanent total disability.

In conclusion, given a lack of any relied-upon medical evidence that relates any impairment to the allowed conditions, *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265, controls. Under *LTV,* the total absence of impairment arising from the allowed conditions negates the nonmedical aspect of a PTD determination, since there is no allowable impairment with which nonmedical factors could conceivably combine to produce PTD. According-

ly, we find that the commission's order must be vacated for lack of "some evidence" of the allowed condition.

The judgment of the court of appeals is reversed. The Industrial Commission is ordered to vacate its order for lack of evidence and to issue an order denying compensation for PTD.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.