OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Dayton Walther Corporation, Appellant v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Dayton Walther Corp. v Indus. Comm. (1994),      Ohio St.3d      .]
Workers' compensation -- Application for permanent total disability compensation -- Permanent total disability not barred by the mere presence of disabling nonallowed conditions, when -- Commission's reference to claimant's nonallowed conditions simply an acknowledgement of its awareness of those conditions and not an inclusion of those conditions as part of the basis for finding permanent total disability, when.

(No. 93-1698 -- Submitted August 31, 1994 -- Decided December 7, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-1216.

Appellee-claimant, Charles Cash, contracted the conditions of pneumoconiosis and silicosis in the course of his employment with appellant, Dayton Walther Corporation ("Walther"). His workers' compensation claim for these conditions was recognized on October 20, 1983. Claimant also suffers from several serious nonindustrial conditions, including diabetes, hypertension, anemia, past congestive heart failure, renal failure with uremia, and possible colon cancer.

In late 1987, claimant moved the appellee Industrial Commission of Ohio for permanent total disability compensation. Attending physician Sydney H. Dinkin certified claimant as permanently and totally disabled due to claimant's allowed lung conditions and the resulting "onset of dyspnea & weakness when he tries to work." A commission pulmonary specialist, Dr. S.S. Patil, found claimant to have a forty to forty-five percent permanent impairment and cautioned against claimant's exposure to fumes or sand dust. Dr. George Burton found claimant unable to work, but stated that "the cause of his disability is chronic renal failure with uremia and that silicosis plays no part in his disability at present." Finally, Dr. Paul H. Dillahunt assessed claimant as having a fifty-three percent combined-effects impairment with a capacity

for sedentary work.

On December 19, 1990, the commission granted claimant permanent total disability compensation in a standard boilerplate order, which stated that:

"* * * The reports of Doctors Dinkin, Louis, Patil, Dillahunt and Burton were reviewed and evaluated. This order is based particularly upon the reports [sic] of Doctor Burton * * *."

That order was vacated by the Court of Appeals for Franklin County pursuant to State ex rel. Noll v. Indus. Comm. (1990), 57 Ohio St.3d 203, 567 N.E.2d 245. During the pendency of the court's decision, two of the commissioners who attended claimant's permanent total disability hearing were replaced. On September 11, 1991, the new commission reheard claimant's motion and again granted claimant permanent total disability compensation, writing:

"* * * The medical reports of Drs. Dinkin, Louis, Patil, Dillahunt, Wiltse and Burton were reviewed and evaluated. This finding and award was based particularly upon the reports of Drs. Dinkin, Patil and Dillahunt.

"The Commission further finds from evidence of record that claimant is 68 years of age; has a 12th grade education; that he has no special training or special skills other than those developed during his life time employment in a foundry; that claimant also suffered from serious non-industrial, unrelated diabetes, hypertension and renal failure. It is the opinion of the Commission that the above designated disability factors provide claimant with no transferable skills; that at the age of 68, claimant has no capabilities for rehabilitation; that considering the reports of medical impairments, the disability factors, and claimant's other medical conditions, the claimant is precluded from engaging in any sustained remunerative employment, and therefore the claimant is permanently and totally disabled."

Walther returned to the appellate court with a second complaint in mandamus, again alleging an abuse of discretion by the commission in awarding permanent total disability compensation. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Taft, Stettinius & Hollister and Charles M. Stephan, for appellant.

Lee Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Sutton, Overholser & Schaffer and Richard S. Sutton, for appellee Charles Cash.

Per Curiam. Walther argues that the commission abused its discretion in: (1) rehearing claimant's application, (2) basing its decision on rehearing on the reports of the doctors specified, and (3) relying in part on nonallowed conditions in issuing its finding. Upon review, we find Walther's arguments to be unpersuasive and affirm the judgment below.

After finding that the commission's first permanent total disability order violated Noll, supra, the appellate court vacated the order and directed the commission "to enter an

order which complies with Noll * * *."  Because the entry did not expressly instruct the commission to rehear claimant's application, Walther claims that the commission erred in doing so.  We disagree.

As to the argument that recomposition of the commission can form the basis for a new hearing, Walther correctly observes that a commissioner need not attend the permanent total disability hearing in order to participate in the decision.  State ex rel. Ormet Corp. v. Indus. Comm. (1990), 54 Ohio St.3d 102, 561 N.E.2d 920.  Due process requires only that the absentee commissioner "in some meaningful manner" consider the evidence presented.  Id. at 107, 561 N.E.2d at 925.  Ormet, however, does not prohibit rehearing, nor does State ex rel. Rodriguez v. Indus. Comm. (1993), 67 Ohio St. 3d 210, 616 N.E.2d 929, on which Walther heavily relies.

Rodriguez ruled that the commission's continuing jurisdiction ceased upon the filing of a complaint in mandamus.  There, the claimant challenged the commission's denial of permanent total disability compensation, but before the appellate court could issue its decision, the commission sua sponte vacated its order and issued a new, more extensive order denying compensation.  Rodriguez declared that the latter act was an abuse of discretion, reasoning that, as with an appeal, the commission lost all jurisdiction once judicial proceedings began.

Unlike Rodriguez, this case does not involve continuing jurisdiction.  The second order in this instance was entered, not sua sponte, but pursuant to court order.  Equally important, given the commission's recomposition, the commission did not abuse its discretion in concluding that fairness to all parties would be best served by a rehearing.

Walther also challenges the medical evidence on which the commission relied.  The reports of Drs. Dinkin, Louis, Patil, Dillahunt and Burton were before the commission at the initial hearing.  The permanent total disability award that resulted was "based particularly" upon Dr. Burton's report.  Confronted with the same evidence at the second hearing, the commission chose to rely instead on the reports of Drs. Dinkin, Patil and Dillahunt.

Walther argues that in originally relying on Dr. Burton's report, the commission inherently rejected the other medical reports in evidence.  Citing State ex rel. Zamora v. Indus. Comm. (1988), 45 Ohio St.3d 17, 543 N.E.2d 87, Walther argues that such inherent rejection precluded the commission from relying on those reports later.

This position, however, ignores the changes in commission membership that preceded and precipitated the second hearing. Walther's argument, if adopted, would deprive some commissioners, but not others, of the ability to consider all evidence relevant to claimant's permanent total disability application.  This result is unacceptable.

Walther's final argument centers on claimant's nonindustrial health problems.  Permanent total disability cannot be based, wholly or partially, on nonallowed conditions.  State ex rel. Fields v. Indus. Comm. (1993), 66 Ohio St.3d 437, 613 N.E.2d 230.  On the other hand, permanent total disability is not barred by the mere presence of

disabling nonallowed conditions, so long as the allowed conditions, in and of themselves, also prevent sustained remunerative employment. State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

Claimant's nonallowed conditions undisputedly render him unemployable. Walther alleges that the commission's permanent total disability award was based in part on those conditions. We disagree with Walther's interpretation of the commission's order. Viewing the order as a whole, we are persuaded that the commission's reference to claimant's nonallowed conditions was simply an acknowledgement of its awareness of those conditions and not an inclusion of those conditions as part of the basis for finding permanent total disability.

For these reasons, the judgment of the appellate court is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

Wright, J., dissenting. I believe the Industrial Commission's discussion of claimant's nonallowed conditions is so unclear that the correct course of action is to reverse the judgment of the court of appeals and return the cause to the commission for the issuance of a clarification and amended order.

By stating that the finding and award were based upon the reports of Drs. Dinkin, Patil, and Dillahunt, the commission obviously addressed the allowed conditions. However, the additional language in the report, to which the majority alluded, makes it unclear as to whether the claimant's nonallowed conditions served as a basis for the commission's finding of permanent total disability or whether the commission merely acknowledged its awareness of these conditions.

Accordingly, I respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.