THE STATE EX REL. DAYTON WALTHER CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Dayton Walther Corp. v.
Indus. Comm.* (1994), 71 Ohio St.3d 105.]

(No. 93–1698—Submitted August 31, 1994—Decided December 7, 1994.)

106

*Taft, Stettinius & Hollister* and *Charles M. Stephan,* for appellant.

*Lee Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Sutton, Overholser & Schaffer* and *Richard S. Sutton,* for appellee Charles Cash.

*Per Curiam.* Walther argues that the commission abused its discretion in: (1) rehearing claimant's application, (2) basing its decision on rehearing on the reports of the doctors specified, and (3) relying in part on nonallowed conditions in issuing its finding. Upon review, we find Walther's arguments to be unpersuasive and affirm the judgment below.

After finding that the commission's first permanent total disability order violated *Noll, supra,* the appellate court vacated the order and directed the commission "to enter an order which complies with *Noll* * * *." Because the entry did not expressly instruct the commission to rehear claimant's application, Walther claims that the commission erred in doing so. We disagree.

As to the argument that recomposition of the commission can form the basis for a new hearing, Walther correctly observes that a commissioner need not attend the permanent total disability hearing in order to participate in the decision. *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920. Due process requires only that the absentee commissioner "in some meaningful manner" consider the evidence presented. *Id.* at 107, 561 N.E.2d at 925. *Ormet,* however, does not prohibit rehearing, nor does *State ex rel. Rodriguez v. Indus. Comm.* (1993), 67 Ohio St.3d 210, 616 N.E.2d 929, on which Walther heavily relies.

*Rodriguez* ruled that the commission's continuing jurisdiction ceased upon the filing of a complaint in mandamus. There, the claimant challenged the commission's denial of permanent total disability compensation, but before the appellate court could issue its decision, the commission *sua sponte* vacated its order and issued a new, more extensive order denying compensation. *Rodriguez* declared that the latter act was an abuse of discretion, reasoning that, as with an appeal, the commission lost all jurisdiction once judicial proceedings began.

Unlike *Rodriguez,* this case does not involve continuing jurisdiction. The second order in this instance was entered, not *sua sponte,* but pursuant to court order. Equally important, given the commission's recomposition, the commission did not abuse its discretion in concluding that fairness to *all* parties would be best served by a rehearing.

Walther also challenges the medical evidence on which the commission relied. The reports of Drs. Dinkin, Louis, Patil, Dillahunt and Burton were before the commission at the initial hearing. The permanent total disability award that resulted was "based particularly" upon Dr. Burton's report. Confronted with the same evidence at the second hearing, the commission chose to rely instead on the reports of Drs. Dinkin, Patil and Dillahunt.

Walther argues that in originally relying on Dr. Burton's report, the commission inherently rejected the other medical reports in evidence. Citing *State ex*

*rel. Zamora v. Indus. Comm.* (1988), 45 Ohio St.3d 17, 543 N.E.2d 87, Walther argues that such inherent rejection precluded the commission from relying on those reports later.

This position, however, ignores the changes in commission membership that preceded and precipitated the second hearing. Walther's argument, if adopted, would deprive some commissioners, but not others, of the ability to consider all evidence relevant to claimant's permanent total disability application. This result is unacceptable.

Walther's final argument centers on claimant's nonindustrial health problems. Permanent total disability cannot be based, wholly or partially, on nonallowed conditions. *State ex rel. Fields v. Indus. Comm.* (1993), 66 Ohio St.3d 437, 613 N.E.2d 230. On the other hand, permanent total disability is not barred by the mere presence of disabling nonallowed conditions, so long as the allowed conditions, in and of themselves, also prevent sustained remunerative employment. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018.

Claimant's nonallowed conditions undisputedly render him unemployable. Walther alleges that the commission's permanent total disability award was based in part on those conditions. We disagree with Walther's interpretation of the commission's order. Viewing the order as a whole, we are persuaded that the commission's reference to claimant's nonallowed conditions was simply an acknowledgement of its awareness of those conditions and not an inclusion of those conditions as part of the basis for finding permanent total disability.

For these reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur. Moyer, C.J., and Wright, J., dissent.

Wright, J., dissenting. I believe the Industrial Commission's discussion of claimant's nonallowed conditions is so unclear that the correct course of action is to reverse the judgment of the court of appeals and return the cause to the commission for the issuance of a clarification and amended order.

By stating that the finding and award were based upon the reports of Drs. Dinkin, Patil, and Dillahunt, the commission obviously addressed the allowed conditions. However, the additional language in the report, to which the majority alluded, makes it unclear as to whether the claimant's nonallowed conditions served as a basis for the commission's finding of permanent total disability or whether the commission merely acknowledged its awareness of these conditions.

Accordingly, I respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.