[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 208.]

STATE EX REL. CARTER, APPELLANT, *v.* PENSKE TRUCK LEASING, INC. ET AL.
APPELLEES.

[Cite as *State ex rel. Carter v. Penske Truck Leasing, Inc.*, 2002-Ohio-476.]

*Workers' compensation—Industrial Commission's denial of application to reconsider its orders terminating applicant's temporary total disability compensation affirmed, when.*

(No. 01-649—Submitted January 9, 2002—Decided February 6, 2002.)

Appeal from the Court of Appeals for Franklin County, No. 00AP-512.

————————————

*Per Curiam*.

{¶ 1} Appellant-claimant Sammie L. Carter received temporary total disability compensation ("TTC") following a 1989 work-related shoulder injury. On July 14, 1995, his continued entitlement to these benefits was disputed before a district hearing officer ("DHO") for appellee Industrial Commission of Ohio. Two medical reports were presented. Dr. William Reynolds stated that claimant had reached maximum medical improvement ("MMI"). Dr. Charles B. May disagreed. Based on Dr. Reynolds's report, the DHO terminated TTC. That order was administratively affirmed.

{¶ 2} On January 5, 1998, claimant had shoulder surgery related to his allowed conditions. Seeking reinstatement of TTC during the recovery period, claimant submitted Dr. Timothy P. Duffey's report. Based on that report, TTC from January 5, 1998, forward was granted.

{¶ 3} In his report, Dr. Duffey stated that he agreed with Dr. May's 1995 opinion that claimant had not attained MMI. This prompted claimant to ask the commission to reconsider its 1995 orders terminating TTC and to pay TTC for the three-year period between termination and reinstatement. The commission denied

the request because it did not satisfy Industrial Commission Resolution No. R98-1-3.

**{¶ 4}** Claimant sought a writ of mandamus from the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in originally terminating TTC and in refusing to revisit that decision. The court of appeals disagreed, finding no abuse of discretion.

**{¶ 5}** This cause is now before this court upon an appeal as of right.

**{¶ 6}** Claimant seeks TTC from February 22, 1995 through January 5, 1998. For the reasons to follow, we affirm the judgment of the court of appeals and deny that request.

**{¶ 7}** While the commission's order denying reconsideration was vague, the parties do not dispute that the denial was premised on a finding of untimeliness. Claimant responds that the resolution cited in the commission's order did not apply to claimant's motion filed before the effective date of the resolution, and the commission concedes that point. The commission, however, correctly notes that the resolution that did apply varied little from its successor—reconsideration under the applicable earlier resolution had to be sought within twenty-one days from receipt of the disputed order rather than the later fourteen—and was not satisfied by claimant's two-and-one-half-year delay in seeking reconsideration. This supports the commission's assertion that any order to the commission to further consider appellant's claim would be a vain act, since the same result would be inevitable. See *State ex rel. Rodriguez v. Indus. Comm.* (1993), 67 Ohio St.3d 210, 616 N.E.2d 929.

**{¶ 8}** Claimant's attack on the 1995 termination order is equally unpersuasive. Claimant's assertion that key evidence was ignored is not supported by review. The order did not unnecessarily enumerate the evidence considered. It specified *only* the evidence on which the order was based. Consideration of all

evidence presented is, therefore, assumed. *State ex rel. Lovell v. Indus. Comm.* (1996), 74 Ohio St.3d 250, 658 N.E.2d 284.

{¶ 9} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Morrow, Gordon & Byrd, Ltd.*, and *James R. Cooper,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Thomas L. Reitz*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____