DECISION
{¶ 1} Relator, Gretta M. Dyer, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her application for permanent total disability compensation and to issue an order granting the requested compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded the commission did not abuse its discretion in failing to consider relator's macular degeneration and its impact on her employability. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator has filed objections to the magistrate's conclusions of law, largely rearguing those matters addressed in the magistrate's decision. Relator's first objection contends the magistrate did not correctly consider relator's visual impairment as a factor pursuant to State ex rel Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. As the magistrate properly noted, however, relator's macular degeneration is a non-allowed medical condition. As a result, regardless of the severity of her impairment from macular degeneration, the commission may not consider it in determining whether relator is entitled to permanent total disability compensation.
 {¶ 4} Although the commission had no duty to consider the macular degeneration, the commission chose to consider it and concluded relator nonetheless could engage in rehabilitation efforts and be employed if she were so motivated. Accordingly, relator's first objection is overruled.
 {¶ 5} Relator's second objection challenges the magistrate's determination that the commission cited some evidence to support its conclusion that relator could engage in rehabilitation, if she were so motivated. Contrary to relator's contentions, the commission's staff hearing officer cited evidence to support its conclusion, stating:
 {¶ 6} "In addition, the Hearing Officer notes that despite the claimant's blindness, the claimant is able to perform daily activities of living which include grocery shopping with her daughter or daughter-in-law who transport her to the store. The claimant is also able to clean her bathrooms, run the vacuum every other day, do her laundry and cook. The claimant also indicated that normally she picks up her house daily, does the dishes, works on the computer for approximately up to an hour at a time, walks, sits in a rocking chair, lays [sic] down and then goes back to her computer."
 {¶ 7} Given the daily activities relator participates in, the commission properly could conclude relator has rehabilitation potential. Although the order notes relator is unable to drive and has not driven since 2000, relator's inability to drive does not preclude rehabilitation. The commission could conclude either buses or relator's relatives are a means of relator's getting to rehabilitation. See commission's order from January 2002 hearing ("The claimant indicated that she does not like to wait for buses and would find getting to rehabilitation difficult"). More specifically, relator's not liking to wait for buses does not compel the commission to conclude buses are not a viable means of transportation for relator. Moreover, if relator is able to go with her daughter or daughter-in-law to shop, then the commission properly could conclude that relator could go to rehabilitation, possibly with her daughter or daughter-in-law.
 {¶ 8} Because the reasons cited in the commission's order support its conclusion that relator could participate in rehabilitation were she so motivated, relator's second objection is overruled.
 {¶ 9} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
LAZARUS and KLATT, JJ., concur.
 IN MANDAMUS {¶ 1} Relator, Gretta M. Dyer, filed this original action asking the court to issue a writ of mandamus compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying her application for permanent total disability ("PTD") compensation and to issue an order granting the requested compensation.
Findings of Fact:
 {¶ 1} 1. In 1991, Gretta M. Dyer ("claimant") sustained a work-related injury, and her workers' compensation claim was allowed for several conditions, including a herniated lumbar disc. Claimant had surgeries and injections to treat her back conditions.
 {¶ 2} 2. Claimant developed unrelated vision problems and was diagnosed with macular degeneration, which causes progressive and severe deterioration of vision.
 {¶ 3} 3. In July 2001, claimant filed a PTD application with evidence in support.
 {¶ 4} 4. In October 2001, claimant was examined on behalf of the commission by John Cunningham, M.D., who opined that claimant was restricted to sedentary employment based on her allowed conditions.
 {¶ 5} 5. Pursuant to a hearing in January 2002, the commission, through its staff hearing officer ("SHO"), denied PTD compensation. The SHO relied on the medical opinion of Dr. Cunningham regarding the work restrictions imposed by the allowed conditions. The SHO discussed claimant's work history, age of 54 years, 11th grade education, and her ability to read, write and do basic math.
 {¶ 6} The hearing officer noted that claimant testified that she spent up to four hours per day using her home computer and that she would "surf the net, e-mail individuals, play card games and perform other programs on the computer on a daily basis." The SHO found that these computer activities showed claimant's ability to learn new skills.
 {¶ 7} Claimant also testified that, due to her vision impairment, she could not drive a car and that she would refuse vocational rehabilitation because of transportation problems. Also, she said "she does not like to wait for buses." The SHO found, however, that claimant had rehabilitation potential, based in part on her current ability to use a computer. In addition, the SHO relied on claimant's testimony regarding her living activities, which included grocery-shopping, cleaning the bathroom, doing laundry and vacuuming the house. Claimant testified that she does daily cooking, picking up the house, and washing dishes.
 {¶ 8} The SHO found that claimant, with rehabilitation services, could learn to perform a job. PTD was denied based on the conclusion that claimant was capable of performing sustained remunerative employment.
 {¶ 9} 6. In February 2002, claimant filed a request for reconsideration with additional evidence. Claimant explained in an affidavit that she wore special glasses that allowed her to read only if she placed the magnifying lens directly over the line of print she was reading and that her reading was therefore very slow. Claimant further explained that, when she used her computer, she had a program that greatly magnified the images on the screen, allowing her to surf the net, send e-mail, and play some video games. However, she stated that she was very slow in these activities due to her macular degeneration.
 {¶ 10} 7. The commission denied reconsideration.
Conclusions of Law:
 {¶ 11} In PTD proceedings before the commission, the issue is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693; State ex rel. Moss v. Indus. Comm. (1996), 75 Ohio St.3d 414. In determining whether a claimant is able to perform sustained remunerative employment, the commission must consider not only medical impairments but also the claimant's age, education, work record, and other relevant nonmedical factors in the record. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. However, in evaluating the Stephenson factors, the commission may not consider a medical condition that is not allowed in the claim. State ex rel. Whetstone v. Bonded Oil Co. (1995),73 Ohio St.3d 205.
 {¶ 12} Although a PTD award may not be based even in part on a non-allowed condition, the existence of a disabling, non-allowed condition does not preclude a PTD award. The question is whether the allowed conditions, in and of themselves, prevent the claimant from engaging in sustained remunerative employment, independent of the non-allowed condition. E.g., State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452; State ex rel. Erico Products, Inc. v. Indus. Comm. (1994), 70 Ohio St.3d 661; State ex rel. Nicholson v. Copperweld Steel Co. (1996), 77 Ohio St.3d 193; State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78; State ex rel. Byrd v. Am. Std., Inc. (1997), 78 Ohio St.3d 504.
 {¶ 13} In mandamus, the issue before this court is whether the commission cited "some evidence" to support its decision and provided a brief explanation of its rationale. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. For the reasons set forth below, the magistrate finds no abuse of discretion in the commission's decision.
 {¶ 14} In the present action, claimant contends that the commission failed to give adequate consideration to her macular degeneration and its impact on her employability. The magistrate agrees that the record includes abundant evidence of the substantial impairment caused by claimant's macular degeneration. The effect of that medical condition is obviously severe. However, it is a non-allowed medical condition. Regardless of the severity of the impairment from a non-allowed medical condition, the commission may not award PTD based, even in part, on a non-allowed condition. E.g., Erico Products; Nicholson.
 {¶ 15} In the subject order, the commission had no duty to consider the macular degeneration. However, the commission chose to consider claimant's ocular condition. Nevertheless, even including consideration of the visual impairment, the commission found that claimant could still engage in rehabilitation efforts and be employed if she were motivated to do so. The magistrate finds no abuse of discretion in this finding. The commission cited some evidence in support, including claimant's computer use and her other current activities of daily living. In short, even though the commission had no duty to include consideration of the non-allowed eye condition, its findings and conclusions upon that consideration were within its discretion. The commission cited some evidence to support its findings and stated a reasonable rationale as to why claimant was employable even with her visual impairment.
 {¶ 16} Based on the foregoing, the magistrate recommends that the court deny the requested writ of mandamus.