DECISION
{¶ 1} Relator, The Benjamin Rose Institute, commenced this original action in mandamus requesting this court to order respondent, Industrial Commission of Ohio ("commission") to vacate its order awarding permanent total disability ("PTD") compensation to respondent Vivian Smartt and to enter an order denying said compensation.
 {¶ 2} Pursuant to Civ. R. 53(C) and Loc R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that the commission's analysis of the nonmedical factors did not fatally undermine its determination that the claimant was permanently and totally disabled based upon the medical evidence presented. The magistrate also found that, although Dr. Nemunaitis discussed some nonallowed conditions, his opinion was based solely upon the allowed conditions. Therefore, the magistrate has recommended that this court deny relator relief in mandamus.
 {¶ 3} Relator has filed an objection to the magistrate's decision asserting two arguments. First, relator argues that the magistrate failed to recognize that the commission's decision was logically inconsistent. Relator contends that there was no reason for the commission to address employability factors after the commission determined that the claimant was physically unable to perform any sustained remunerative employment. However, the magistrate clearly recognized that it was unnecessary for the commission to analyze the nonmedical factors once the commission determined that the allowed conditions prevented the claimant from performing sustained remunerative employment. Nevertheless, the magistrate concluded that the commission's analysis of the nonmedical factors did not undermine its medical determination that the industrial injury prevents all sustained remunerative employment. We agree. The fact that the commission engaged in an unnecessary analysis does not alter the fact that there was some medical evidence upon which the commission could rely in finding that the claimant was incapable of sustained remunerative employment.
 {¶ 4} Second, relator argues that the magistrate incorrectly determined that Dr. Nemunaitis relied solely upon the allowed condition in formulating his opinion. We disagree. As the magistrate notes, Dr. Nemunaitis correctly identified the allowed conditions in the claim and he repeatedly stated in his opinion that the industrial injury produced PTD based upon the allowed conditions. Dr. Nemunaitis' discussion of the nonallowed conditions does not detract from his clearly stated opinion that the allowed physical conditions precluded physical work activity at any capacity. Therefore, Dr. Nemunaitis' report constitutes some evidence to support the commission's medical determination, and we find relator's argument to the contrary unpersuasive.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objection overruled; writ of mandamus denied.
Brown, P.J., and McGrath, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. The Benjamin Rose Institute, :
Relator, :
v. : No. 04AP-1194
The Industrial Commission of Ohio : (REGULAR CALENDAR)
and Vivian Smartt, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on April 21, 2005 Calfee, Halter Griswold LLP, William L.S. Ross and Donald E.Lampert, for relator.
Jim Petro, Attorney General, and Andrew J. Alatis, for respondent Industrial Commission of Ohio.
Lester S. Potash and Martha H. Krebs, for respondent Vivian Smartt.
 IN MANDAMUS {¶ 6} In this original action, relator, The Benjamin Rose Institute, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding permanent total disability ("PTD") compensation to respondent Vivian Smartt and to enter an order denying said compensation.
Findings of Fact:
 {¶ 7} 1. On August 2, 2001, Vivian Smartt ("claimant") sustained an industrial injury while employed as a home health aide with relator, a self-insured employer under Ohio's workers' compensation laws. The injuries resulted when claimant was physically attacked by an Alzheimer's patient. The industrial claim is allowed for: "sprain of left ankle, right shoulder, abdomen, pelvis and groin; lumbar strain; depression; aggravation of pre-existing somatoform disorder," and is assigned claim number 01-840257.
 {¶ 8} 2. On September 17, 2002, claimant filed an application for PTD compensation. In support, claimant submitted a report, dated August 4, 2002, from chiropractor Anthony F. Berardino, D.C. Dr. Berardino's report states in part:
Allowed Condition:
Sprain of left ankle; right shoulder; abdomen; pelvis and groin; lumbar strain.
* * *
Opinion:
Based on the review of the file, the claimant information, the physical examination, physical capacities evaluation and using the AMA Guidelines, 5th Edition as required, in my opinion the claimant is unable to perform substantial, gainful employment and therefore is permanently and totally disabled.
(Emphasis sic.)
 {¶ 9} 3. On July 28, 2003, claimant was examined at the commission's request by physiatrist John G. Nemunaitis, M.D. Dr. Nemunaitis issued a lengthy report which is divided into nine sections. Dr. Nemunaitis correctly listed the claim allowances under the appropriate heading. The "Discussion" and "Opinion" portions of the report state:
The claimant does have significant dysfunction of the right shoulder pain with any active movement likely related to the arthritic changes in both the glenohumeral and acromioclavicular joint. She is right handed. She does have also, impairments associated with the left shoulder, though the left shoulder is not an allowed condition. The other most significant impairment relates to the claimant's lumbar spine. The claimant does have significant low back impairment with disc pathology at multiple levels. She also has symptoms and objective findings of a radiculopathy at S-1 bilaterally and possibly L-4 on the right. The bottom line is the claimant is not capable of physical work activity at any capacity as it relates to the allowed conditions.
* * *
[One] The injured worker has reached [maximum medical improvement] with regard to each allowed condition.
[Two] Based on AMA Guides, Fourth Edition, the estimate percentage of whole person impairment arising from each allowed condition is as follows. The estimate percentage of whole person impairment as relates to sprain of the left ankle is 1%. The whole person impairment as relates to sprain of the right shoulder is 11%. The whole person impairment as relates to sprain of the abdomen is 0%. The whole person impairment as relates to sprain of the pelvis and groin is 0%. The whole person impairment as relates to lumbar strain is Lumbosacral DRE Category III or 10%. The whole person impairment as relates to all of the allowed conditions examined today is 21%. The claimant was not examined relative to depression or aggravation of pre-existing somatoform disorder. This will be done by another examiner.
[Three] The enclosed Physical Strength Rating form was completed. Based on exam today of the allowed physical conditions that were examined, the injured worker is not capable of physical work activity at any capacity.
 {¶ 10} 4. In further support of the PTD application, claimant submitted a vocational report, dated December 9, 2003, from Daniel L. Simone.
 {¶ 11} 5. The commission requested an employability assessment report from Lynne Kaufman who issued a report, dated November 21, 2003.
 {¶ 12} 6. Following a June 10, 2004 hearing, a staff hearing officer ("SHO") issued an order granting the PTD application. The SHO's order states:
* * * This order is based particularly upon the reports of Dr. Berardino, Dr. Nemunaitis, and Daniel Simone.
The claimant sustained the injury in claim number 01-840257 when she was assaulted while working as a home health aide on 08/02/2001. This claim has been allowed for "SPRAIN LEFT ANKLE, RIGHT SHOULDER, ABDOMEN, PELVIS AND GROIN, LUMBAR STRAIN, DEPRESSION, AGGRAVATION OF PRE-EXISTING SOMOTAFORM DISORDER." Treatment has consisted of physical therapy, medications, trigger point injections, and pain management. She continues to have serious complaints of ongoing pain and walks with a cane.
The claimant has not worked since the date of the injury and received temporary total compensation through 11/27/2002 at which time it was determined that she had reached maximum medical improvement.
A report from Dr. Anthony Berardino dated 08/04/2002 was submitted with the application for permanent total disability. It is his opinion that the claimant is unable to perform substantial, gainful employment and is therefore permanently and totally disabled.
In addition to this opinion verifying permanent total disability from Dr. Berardino, the claimant was examined on 07/28/2003 by Dr. John Nemunaitis on behalf of the Industrial Commission who concurs. Dr. Nemunaitis states, "The bottom line is the claimant is not capable of physical work activity at any capacity as it relates to the allowedconditions." (Emphasis added) While Dr. Nemunaitis does reference medical conditions which are not currently allowed in this claim such as disc pathology at multiple levels and radiculopathy, he is careful to state several times that his opinion is based upon the allowed conditions in this claim. It is therefore found that Dr. Nemunaitis' report is credible and conclusive medical evidence that the claimant is permanently and totally disabled.
The employer argued that the claimant's physical limitations are not due solely to the allowed conditions in her claim. The employer argues that in Dr. Nemunaitis' conclusion that the claimant "is not capable of physical work activity at any capacity," Dr. Nemunaitis relies upon conditions other than the "sprain of left ankle, right shoulder, abdomen, pelvis and groin; lumbar strain,["] for which the claim is only allowed.
Though the employer makes a valid argument on this point, the Staff Hearing Officer is not persuaded by this argument as one carefully reviews Dr. Nemunaitis' report.
The employer points to the history section of the report on page 2 wherein the doctor does note the degenerative changes found on x-ray and MRI.
Yet Dr. Nemunaitis does note the proper allowed conditions at the beginning of the report and expressly states in his opinion "Based on exam today of the allowed physical conditions that were examined
(emphasis added), the injured worker is not capable of physical work activity at any capacity.["]
The Staff Hearing Officer is confident that Dr. Nemunaitis was aware of the allowed conditions in the claim, that he only considered the allowed conditions in his opinion and that the injuries the claimant sustained are preventing her from returning to sustained and gainful employment.
Since it is the employer's position that Dr. Nemunaitis has based his opinion on non-allowed conditions, a brief discussion of the disability factors (i.e. age, education, and prior work experience) herein is warranted.
The claimant is 67 years old, has an 11th grade education, and has worked for the past 30 years as a home health aide which Lynne Kaufman classifies as medium work. Any prior job she may have had is not relevant in today's labor market per the report of Lynne Kaufman. By all accounts, the claimant cannot return to this former position of employment. Dr. Belay limits the claimant to sedentary work due to the psychological conditions as does Dr. Byrnes. Dr. Martin finds the claimant capable of modified work at a light level.
The claimant has little or no transferable job skills. Per Lynne Kaufman, the injured worker's work as a home health aide offers limited transferability into light work and no transferability into sedentary work. Per Daniel Simone, the skills the claimant has developed are very minimal and would not transfer into other occupations. This is a vocational deficit.
The claimant is now 67 with an 11th grade education. Both Lynne Kaufman and Daniel Simone agree that the claimant would not be considered an appropriate candidate for additional education or vocational rehabilitation. These are considered vocational deficits.
Due to the claimant's advanced age, her limited education, her inability because of her physical and psychological limitations to return to her former position of employment, her lack of transferable job skills and the inappropriateness of retraining, it is the finding herein that the claimant's medical factors are [sic] disability factors together make the claimant permanently and totally disabled.
(Emphasis sic.)
 {¶ 13} 7. On November 4, 2004, relator, The Benjamin Rose Institute, filed this mandamus action.
Conclusions of Law:
 {¶ 14} Two issues are presented: (1) whether Dr. Nemunaitis' discussion of nonallowed conditions eliminates his report from evidentiary consideration and reliance; and (2) whether the commission's analysis of the nonmedical factors fatally undermines its medical determination based upon the reports of Drs. Berardino and Nemunaitis that the industrial injury alone prevents all sustained remunerative employment and renders claimant permanently and totally disabled.
 {¶ 15} The magistrate finds: (1) Dr. Nemunaitis' discussion of nonallowed conditions does not eliminate his report from evidentiary consideration and reliance; and (2) the commission's analysis of the nonmedical factors does not fatally undermine its medical determination that claimant is permanently and totally disabled. Accordingly, as more fully explained below, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 {¶ 16} Turning to the first issue, it is significant that relator does not challenge here the report of Dr. Berardino upon which the commission relied to support its medical determination. Thus, even if relator could persuade this court to eliminate Dr. Nemunaitis' report as evidence upon which the commission can rely, Dr. Berardino's report would remain to provide the some evidence supporting the commission's medical determination.
 {¶ 17} Nevertheless, the magistrate shall address relator's challenge to Dr. Nemunaitis' report. It is well-settled that nonallowed conditions cannot be used to advance or defeat a claim for PTD compensation. Stateex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452. Moreover, the mere presence of nonallowed conditions, even totally disabling nonallowed conditions, does not automatically bar PTD compensation. Id.
 {¶ 18} It is also well-settled that the mere reference to or discussion of nonallowed conditions does not render defective a PTD adjudication as long as the nonallowed conditions were not included as part of the basis for finding PTD. State ex rel. Dayton Walther Corp. v.Indus. Comm. (1994), 71 Ohio St.3d 105, 108.
 {¶ 19} Here, Dr. Nemunaitis does engage in much discussion of the nonallowed conditions. However, Dr. Nemunaitis correctly identifies the allowed conditions of the claim, and he repeatedly states his opinion that the industrial injury produces PTD based upon the allowed conditions. Dr. Nemunaitis' discussion of the nonallowed conditions does not detract from his clearly stated opinion that the allowed physical conditions preclude "physical work activity at any capacity." Accordingly, the magistrate must conclude that Dr. Nemunaitis' report constitutes some evidence to support the commission's medical determination.
 {¶ 20} The second issue is whether the commission's nonmedical analysis fatally undermines its medical determination that the industrial injury prevents all sustained remunerative employment.
 {¶ 21} Ohio Adm. Code 4121-3-34(D) sets forth the commission's guidelines for PTD adjudications. Ohio Adm. Code 4121-3-34(D)(2) states:
(a) If, after hearing, the adjudicator finds that the medical impairment resulting from the allowed condition(s) in the claim(s) prohibits the injured worker's return to the former position of employment as well as prohibits the injured worker from performing any sustained remunerative employment, the injured worker shall be found to be permanently and totally disabled, without reference to the vocational factors[.] * * *
(b) If, after hearing, the adjudicator finds that the injured worker, based on the medical impairment resulting from the allowed conditions is unable to return to the former position of employment but may be able to engage in sustained remunerative employment, the non-medical factors shall be considered by the adjudicator.
 {¶ 22} Clearly, given the commission's reliance upon the reports of Drs. Berardino and Nemunaitis, there was no need to address the nonmedical factors. Nonmedical factors are only relevant when the commission relies upon medical reports indicating that the allowed conditions of the claim permit some sustained remunerative employment.
 {¶ 23} The SHO gave the following explanation for addressing the nonmedical disability factors:
Since it is the employer's position that Dr. Nemunaitis has based his opinion on non-allowed conditions, a brief discussion of the disability factors (i.e. age, education, and prior work experience) herein is warranted.
 {¶ 24} Contrary to the SHO's explanation, the employer's position that Dr. Nemunaitis' opinion is based upon nonallowed conditions does not warrant review of the nonmedical factors. Clearly, a review of the nonmedical factors is irrelevant to the question, raised by relator before the commission and again in this action, of whether Dr. Nemunaitis' disability opinion is impermissibly based upon nonallowed conditions.
 {¶ 25} Moreover, the magistrate disagrees with the commission's position here that the SHO's analysis of the nonmedical factors provides an alternative basis for awarding PTD compensation. The nonmedical analysis is irrelevant in the absence of an alternative medical finding that the industrial injury permits some type of sustained remunerative employment for which the claimant may or may not be vocationally qualified to perform. (See Commission's brief, at 14.)
 {¶ 26} Undeniably, the SHO's review of the nonmedical factors shows some misunderstanding on the part of the SHO as to the relevancy of the nonmedical factors after finding persuasive the reports of Drs. Berardino and Nemunaitis. However, in the view of the magistrate, this misunderstanding does not detract from the SHO's determination that the reports of Drs. Berardino and Nemunaitis are persuasive.
 {¶ 27} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.